UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 25-320 PAM/SGE |
| | **INDICTMENT** |
| Plaintiff, | |
| | 18 U.S.C. § 2 |
| v. | 18 U.S.C. § 1951(a) |
| | |
| (1) DYLAN CHARLES JUNGWIRTH, | |
| (2) KENNETH TOY SPIGHT, and | |
| (3) KEMONIE TERRY HURD, | |
| | |
| Defendants. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

## COUNT 1
(Hobbs Act Robbery)

On or about August 17, 2025, in the State and District of Minnesota, the defendants,

**DYLAN CHARLES JUNGWIRTH,** and
**KENNETH TOY SPIGHT**

aiding and abetting each other, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain personal property consisting of approximately $93.75 in cash from

SCANNED
AUG 2 6 2025
U.S. DISTRICT COURT MPLS


*United States v. Dylan Jungwirth, et al.*

the Speedway gas station at 2295 Rice Street in Roseville, Minnesota, in the presence of employees of Speedway, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees, that is, by threatening the employees' lives with replica firearms; all in violation of Title 18, United States Code, Sections 2 and 1951.

### COUNT 2
(Hobbs Act Robbery)

On or about August 17, 2025, in the State and District of Minnesota, the defendants,

**DYLAN CHARLES JUNGWIRTH,**
**KENNETH TOY SPIGHT,** and
**KEMONIE TERRY HURD**

aiding and abetting each other, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain personal property consisting of cash from the BP gas station at 300 Little Canada Road East in Little Canada, Minnesota, in the presence of employees of BP, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the

*United States v. Dylan Jungwirth, et al.*

employees, that is, by threatening the employees' lives with replica firearms; all in violation of Title 18, United States Code, Sections 2 and 1951.

## COUNT 3
(Hobbs Act Robbery)

On or about August 17, 2025, in the State and District of Minnesota, the defendants,

**DYLAN CHARLES JUNGWIRTH,
KENNETH TOY SPIGHT,** and
**KEMONIE TERRY HURD**

aiding and abetting each other, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain personal property consisting of cash from the BP gas station at 3110 Cleveland Avenue in Roseville, Minnesota, in the presence of employees of BP, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees, that is, by threatening the employees' lives with replica firearms; all in violation of Title 18, United States Code, Sections 2 and 1951.

*United States v. Dylan Jungwirth, et al.*

## FORFEITURE ALLEGATION

As a result of the offenses alleged in Counts 1-3 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1951.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____       _____
ACTING UNITED STATES ATTORNEY     FOREPERSON